IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Michael S. Gilbert, | : | |
| Plaintiff | : | Case Nos.  2:04-cv-00013 |
| | | 2:05-cv-00017 |
| v. | : | |
| | | Judge Graham |
| Ohio Dept. of Rehabilitation & Correction, *et al.*, | : | |
| | | Magistrate Judge Abel |
| | : | |
| Defendants | | |

**Order**

This matter is before the Court on defendants Ohio Department of Rehabilitation and Correction ("ODRC"), Reginald Wilkinson, and Ginny Lamneck's motion to dismiss plaintiff's complaint (doc. 8 in case # 2:05-cv-00017) and defendant Mark Saunder's April 7, 2005 motion to dismiss plaintiff's complaint (doc. 12 in case # 2:05-cv-00017).[1]  Plaintiff did not file a memorandum in opposition to these motions.

Plaintiff was an employee of defendant Ohio Department of Rehabilitation

---

[1] Four suits and two miscellaneous actions filed by Mr. Gilbert have been consolidated in this one action: 2:04-cv-00013; 2:04-cv-00158; 2:04-cv-00660; 2:04-mc-00092; 2:04-mc-00093; and, 2:05-cv-00017.  This Order relates to motions to dismiss filed in *Michael S. Gilbert v. Ohio Department of Rehabilitation and Correction, et al.*, 2:04-cv-00017.

1

and Correction. The complaint alleges that plaintiff's employer created and operated a hostile work environment and engaged in a pattern of discrimination and retaliation directed at plaintiff and other African American employees in violation of Title VII of the Civil Rights Act of 1964 (doc. 3). Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on March 26, 2003 and received his Notice of Right to Sue letter on June 7, 2004 (doc. 3). On September 6, 2004, plaintiff executed a motion to proceed *in forma pauperis* (doc. 1). The motion to proceed *in forma pauperis* was received by the Clerk of Court on September 14, 2005. His application to proceed *in forma pauperis* was granted on October 5, 2004 (doc. 2). Mr. Gilbert tendered an unsigned copy of his complaint with his motion to proceed *in forma pauperis* in *Michael S. Gilbert v. Department of Rehabilitation and Correction, et al.*, 2:04-mc-00092. The Magistrate Judge granted plaintiff 15 days in which to file a signed complaint and enough copies for service on all the defendants. The Clerk of Court filed his signed complaint (doc. 3) on November 29, 2004.

Defendants argue that Mr. Gilbert's Title VII claims are barred by the statute of limitations because he did not file this action within 90 days after receiving the EEOC's statutory notice of the right to sue. Because Mr. Gilbert received his Notice of Right to Sue letter on June 7, 2004, filed his complaint on November 29, 2004, and served defendants with the complaint on January 18, 2005, defendants maintain that his complaint was not timely and should be dismissed.

2

Defendants also argue that Mr. Gilbert's Title VII claims should be dismissed because there is no evidence that he exhausted his administrative remedies. Mr. Gilbert did not attach his EEOC charge, nor did he allege that he filed a charge addressing the allegations he made in the complaint. Defendants assert that plaintiff has failed to meet the statutory requirements for bringing a Title VII claim.

Defendants further argue that the individual defendants must be dismissed because Title VII claims may not be brought against individuals.

Discussion. Under Title VII, a plaintiff must file timely charges with the EEOC and file a complaint within ninety (90) days of receiving the Notice of Right to Sue letter. 42 U.S.C. § 2000e-5(f)(1); *Puckett v. Tennessee Eastman Comp.*, 889 F.2d 1481, 1486 (6th Cir. 1989). Here, the complaint alleges that plaintiff received his Notice of Right to Sue letter on June 7, 2004[2] and the Clerk of Court filed his complaint on November 29, 2004; one hundred and seventy five days elapsed between plaintiff's receipt of the letter and the filing of the complaint.

The timing requirement is not a "jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Filing an application to proceed *in forma pauperis* tolls the letter's ninety day limitations period until the application is granted. *Truitt v. County of Wayne*,

---

[2] The Notice of Right to Sue letter is attached to the complaint. It states that it was mailed on June 7, 2004.

148 F.3d 644, 647 (6th Cir. 1998). The Clerk of Court is instructed to stamp the back of complaints as "Received" on the date the complaint is delivered to his office. Here the application to proceed *in forma pauperis* was stamped "Received SEP 14 2004", which is ninety-nine days following receipt of the Notice of the Right to Sue letter. Even though the application to proceed *in forma pauperis* would have tolled the running of the statute of limitations, plaintiff did not file his application within ninety days of receiving his Notice of Right to Sue letter. Consequently, the Court HOLDS that defendants ODRC, Reginald Wilkinson, and Ginny Lamneck's motion to dismiss plaintiff's complaint (doc. 8 in case # 2:05-cv-00017) and defendant Mark Saunder's April 7, 2005 motion to dismiss plaintiff's complaint (doc. 12 in case # 2:05-cv-00017) are meritorious; and, therefore, they are GRANTED. This action is hereby DISMISSED. The Clerk of Court is DIRECTED to enter JUDGMENT in *Michael S. Gilbert v. Ohio Department of Rehabilitation & Corrections, et al.*, 2:05-cv-00017 for defendants.

    It is so ORDERED.

                                       s/James L. Graham
                                       JAMES L. GRAHAM
                                       United States District Judge

DATE: June 20, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Michael S. Gilbert, : | |
| Plaintiff : | Case Nos. 2:04-cv-00013 |
| | 2:05-cv-00017 |
| v. : | |
| | Judge Graham |
| Ohio Dept. of Rehabilitation & : | |
| Correction, *et al.*, | Magistrate Judge Abel |
| : | |
| Defendants | |

**Order**

This matter is before the Court on defendants Ohio Department of Rehabilitation and Correction ("ODRC"), Reginald Wilkinson, and Ginny Lamneck's motion to dismiss plaintiff's complaint (doc. 8 in case # 2:05-cv-00017) and defendant Mark Saunder's April 7, 2005 motion to dismiss plaintiff's complaint (doc. 12 in case # 2:05-cv-00017).[1] Plaintiff did not file a memorandum in opposition to these motions.

Plaintiff was an employee of defendant Ohio Department of Rehabilitation

---

[1] Four suits and two miscellaneous actions filed by Mr. Gilbert have been consolidated in this one action: 2:04-cv-00013; 2:04-cv-00158; 2:04-cv-00660; 2:04-mc-00092; 2:04-mc-00093; and, 2:05-cv-00017. This Order relates to motions to dismiss filed in *Michael S. Gilbert v. Ohio Department of Rehabilitation and Correction, et al.*, 2:04-cv-00017.

1

and Correction. The complaint alleges that plaintiff's employer created and operated a hostile work environment and engaged in a pattern of discrimination and retaliation directed at plaintiff and other African American employees in violation of Title VII of the Civil Rights Act of 1964 (doc. 3). Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on March 26, 2003 and received his Notice of Right to Sue letter on June 7, 2004 (doc. 3). On September 6, 2004, plaintiff executed a motion to proceed *in forma pauperis* (doc. 1). The motion to proceed *in forma pauperis* was received by the Clerk of Court on September 14, 2005. His application to proceed *in forma pauperis* was granted on October 5, 2004 (doc. 2). Mr. Gilbert tendered an unsigned copy of his complaint with his motion to proceed *in forma pauperis* in *Michael S. Gilbert v. Department of Rehabilitation and Correction, et al.*, 2:04-mc-00092. The Magistrate Judge granted plaintiff 15 days in which to file a signed complaint and enough copies for service on all the defendants. The Clerk of Court filed his signed complaint (doc. 3) on November 29, 2004.

     Defendants argue that Mr. Gilbert's Title VII claims are barred by the statute of limitations because he did not file this action within 90 days after receiving the EEOC's statutory notice of the right to sue. Because Mr. Gilbert received his Notice of Right to Sue letter on June 7, 2004, filed his complaint on November 29, 2004, and served defendants with the complaint on January 18, 2005, defendants maintain that his complaint was not timely and should be dismissed.

Defendants also argue that Mr. Gilbert's Title VII claims should be dismissed because there is no evidence that he exhausted his administrative remedies. Mr. Gilbert did not attach his EEOC charge, nor did he allege that he filed a charge addressing the allegations he made in the complaint. Defendants assert that plaintiff has failed to meet the statutory requirements for bringing a Title VII claim.

Defendants further argue that the individual defendants must be dismissed because Title VII claims may not be brought against individuals.

Discussion. Under Title VII, a plaintiff must file timely charges with the EEOC and file a complaint within ninety (90) days of receiving the Notice of Right to Sue letter. 42 U.S.C. § 2000e-5(f)(1); *Puckett v. Tennessee Eastman Comp.*, 889 F.2d 1481, 1486 (6th Cir. 1989). Here, the complaint alleges that plaintiff received his Notice of Right to Sue letter on June 7, 2004[2] and the Clerk of Court filed his complaint on November 29, 2004; one hundred and seventy five days elapsed between plaintiff's receipt of the letter and the filing of the complaint.

The timing requirement is not a "jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Filing an application to proceed *in forma pauperis* tolls the letter's ninety day limitations period until the application is granted. *Truitt v. County of Wayne*,

---

[2]The Notice of Right to Sue letter is attached to the complaint. It states that it was mailed on June 7, 2004.

3

148 F.3d 644, 647 (6th Cir. 1998).  The Clerk of Court is instructed to stamp the back of complaints as "Received" on the date the complaint is delivered to his office.  Here the application to proceed *in forma pauperis* was stamped "Received SEP 14  2004", which is ninety-nine days following receipt of the Notice of the Right to Sue letter.  Even though the application to proceed *in forma pauperis* would have tolled the running of the statute of limitations, plaintiff did not file his application within ninety days of receiving his Notice of Right to Sue letter.  Consequently, the Court HOLDS that defendants ODRC, Reginald Wilkinson, and Ginny Lamneck's motion to dismiss plaintiff's complaint (doc.  8 in case # 2:05-cv-00017) and defendant Mark Saunder's April 7, 2005 motion to dismiss plaintiff's complaint (doc. 12 in case # 2:05-cv-00017) are meritorious; and, therefore, they are GRANTED.  This action is hereby DISMISSED.  The Clerk of Court is DIRECTED to enter JUDGMENT in *Michael S. Gilbert v. Ohio Department of Rehabilitation & Corrections, et al.*, 2:05-cv-00017 for defendants.

    It is so ORDERED.

                                                  s/James L. Graham  
                                                  JAMES L. GRAHAM  
                                                  United States District Judge

DATE:  June 20, 2005